UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ROBERT BRUNELLE,

    **Plaintiff,**

v.                              CIVIL ACTION NO. 2:18cv290

NORFOLK SOUTHERN RAILWAY CO.,

    **Defendant.**

## MEMORANDUM OPINION and ORDER

This matter comes before the court on the Defendant's Motion to Dismiss, ECF No. 13, and accompanying Brief in Support, ECF No. 14, filed on August 8, 2018. The matter has now been fully briefed and is ripe for review. For the reasons below, the Defendant's Motion to Dismiss is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Defendant Norfolk Southern Railway Co. ("Norfolk Southern") employs Plaintiff Robert Brunelle ("Brunelle") as a Brandt Truck Operator. Am. Compl. ¶ 3, ECF No. 10. Because Brunelle's work includes commercial truck driving, the United States Department of Transportation ("DOT") requires Brunelle to comply with commercial driving regulations. Id. ¶ 8. DOT promulgates these commercial driving regulations through their subagency, the Federal Motor Carrier Safety Administration ("FMCSA"). FMCSA regulations require Brunelle to undergo routine

medical examinations to be certified as physically fit to operate a commercial vehicle. Id. ¶ 10.

A medical professional examined Brunelle on July 14, 2017, and diagnosed him with chronic inflammatory demyelinating polyneuropathy and diabetes. Id. ¶ 15. Despite this diagnosis, Brunelle alleges that he "passed all Department of Transportation physical examinations and received his Medical Examiner Certicates . . . ." Id. ¶ 13. When Norfolk Southern learned of Brunelle's diagnosis, however, they removed him from his work and ordered him to provide Norfolk Southern's medical department with his complete medical records. Id. ¶ 17. Brunelle complied with these requests. Id. ¶ 18. He alleges that "[a]t no time did Norfolk Southern's medical department or anyone on its behalf . . . issue to Brunelle or to the Department of Transportation a medical opinion that Brunelle was medically unqualified pursuant to Department of Transportation regulations to hold and maintain any required licenses for a Brandt Truck Operator." Id. ¶ 14. Despite no negative medical opinion, Brunelle was not reinstated to work until six months after his removal, and Norfolk Southern has not paid him for the six months during which he was laid off. Id. ¶ 21.

Brunelle filed his Complaint in this court on May 30, 2018, and filed an Amended Complaint on August 8, 2018. He alleges violations of the Americans with Disabilities Act ("ADA") for

his removal and six-month layoff, and demands several remedies from this court, namely that: he be reinstated; his employee record be expunged of misconduct pursuant to this incident; and he be awarded compensatory and punitive damages. Id. ¶ 32.

Norfolk Southern responded to Brunelle's Amended Complaint by filing the instant Motion to Dismiss, alleging two grounds for dismissal: (1) the court lacks subject matter jurisdiction because Brunelle failed to exhaust FMCSA administrative remedies prior to filing suit; and (2) Brunelle has not sufficiently alleged that he is physically qualified to drive for Norfolk Southern, and thus he is not a "qualified individual" as defined by the ADA.

The Court **DENIES** Norfolk Southern's Motion to Dismiss because the facts in Brunelle's Amended Complaint, viewed in the light most favorable to Brunelle, sufficiently allege that FMCSA administrative remedies were inadequate and that Brunelle was physically qualified to drive a commercial vehicle.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(1) challenges the court's subject matter jurisdiction over a case. Fed. R. Civ. P. 12(b)(1). A defendant may challenge the court's subject matter jurisdiction in one of two ways: (1) the defendant may raise a "facial challenge" by arguing that the facts alleged in a complaint are not sufficient to confer subject matter

3

jurisdiction on the court or (2) the defendant may raise a "factual challenge" by arguing that the jurisdictional allegations made in the complaint are not true. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). In a facial challenge, the court evaluates the facts in a complaint using the same standard used for a Rule 12(b)(6) motion to dismiss. See id. Specifically, all alleged facts are taken as true and the motion must be denied if the complaint alleges facts that, if proven, would be sufficient to sustain jurisdiction. See id. In a factual challenge, a trial court may "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." Id.

In this case, Norfolk Southern's Motion to Dismiss, ECF No. 13, and its accompanying Brief in Support, ECF No. 14, rely primarily on the facts alleged in Brunelle's Amended Complaint. See Def.'s Br. Supp. at 2-5. Moreover, Norfolk Southern affirmatively waived oral hearing on this Motion and submitted its Motion to the Court for ruling without a hearing. ECF No. 19. Because there will be no evidentiary hearing, the Court has no opportunity to consider any factual disputes Norfolk Southern may wish to raise. Thus, the Court concludes that Norfolk Southern has raised a facial challenge to subject matter jurisdiction and, accordingly, will accept as true all

4

facts alleged in Brunelle's Amended Complaint for the purposes of determining whether the court has subject matter jurisdiction over this claim.

Norfolk Southern also raises a claim for dismissal pursuant to Rule 12(b)(6), which states that a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To evaluate a Rule 12(b)(6) motion, the court accepts facts alleged in the complaint as true and views those facts in the light most favorable to the plaintiff. See Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005).

### III. ANALYSIS

#### A. Rule 12(b)(1) Motion to Dimiss

Norfolk Southern argues that this Court lacks subject matter jurisdiction because Brunelle failed to exhaust his administrative remedies prior to filing suit. FMCSA regulations provide a dispute-resolution procedure for employers and employees to go through when two different medical professionals have reached opposite conclusions about an employee's physical

fitness. See 49 C.F.R. § 391.47. Norfolk Southern contends that Brunelle was required to pursue this FMCSA remedy before filing the instant suit.

It is a "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Cavalier Tel., LLC v. Virginia Elec. & Power Co., 303 F.3d 316, 322 (4th Cir. 2002) (quoting Myers v. Bethlehem Shipbldg. Corp., 303 U.S. 41, 50-51 (1938)). Exhaustion is not required, however, where the available administrative remedy is "inappropriate" or "inadequate." Greene v. United States, 376 U.S. 149, 163 (1964). An administrative remedy is "inadequate" when there is "some doubt as to whether the agency [is] empowered to grant effective relief." Gibson v. Berryhill, 411 U.S. 564, 575, n. 14.

In this case, FMCSA dispute resolution is not an adequate administrative remedy. As an initial matter, Brunelle is ineligible to receive FMCSA dispute resolution because he cannot produce conflicting medical opinions regarding his physical fitness. Applications made to FMCSA for dispute resolution "will only be accepted if they conform to the requirements of [§ 391.47]." 49 C.F.R. § 391.47(a). One such requirement is that "[t]he applicant must submit proof that there is a disagreement between the physician for the driver and the physician for the

motor carrier concerning the driver's qualifications." 49 C.F.R. § 391.47(b)(2).

Based on the facts in Brunelle's Amended Complaint, which the court accepts as true for the purposes of this facial challenge to subject matter jursidciton, Brunelle could not produce such proof. Brunelle alleges that "[a]t no time did Norfolk Southern's medical department or anyone on its behalf . . . issue to Brunelle or to the Department of Transportation a medical opinion that Brunelle was medically unqualified pursuant to Department of Transportation regulations . . . ." Am. Compl. ¶ 14. Without a negative medical opinion from Norfolk Southern regarding Brunelle's physical qualification, Brunelle has no "proof" that there was a disagreement between physicians regarding his physical qualifications. See 49 C.F.R. § 391.47(b)(2). Instead, Brunelle received only positive medical opinions of his physical fitness. See Am. Compl. ¶ 13 (Brunelle "passed all Department of Transportation physical examinations and received his Medical Examiner's Certificates . . . .") Because Norfolk Southern never raised a conflicting medical opinion, there is no difference of opinion for FMCSA to review and resolve. See Lisotto v. New Prime, Inc., 647 F. App'x 259, 264 (4th Cir. 2016) (per curiam) (FMCSA review under § 391.47 is not available unless there are conflicting medical opinions).

Further, it is not clear that FMCSA review would provide Brunelle an adequate remedy for his alleged injury. In his Amended Complaint, Brunelle demanded that he be reinstated, that his employee record be expunged of misconduct, and that he be awarded compensatory and punitive damages. Am. Compl. ¶ 32. FMCSA review is merely a process for resolving disputes between medical examiners about a driver's physical qualifications. Nothing in § 391.47 empowers the FMCSA to reinstate Brunelle or to grant any of the other remedies Brunelle demands from this Court. See 49 C.F.R. § 391.47. Because the remedy available through FMCSA review is inadequate to afford Brunelle the relief sought from this Court, his suit cannot be dismissed for failure to exhaust his administrative remedies. See Hill v. Houff Transfer, Inc., No. 3:12cv357, 2012 WL 5194080, at *5 (E.D. Va. Oct. 19, 2012) (motion to dismiss plaintiff's ADA claim pursuant to Rule 12(b)(1) denied even though plaintiff had not sought FMCSA review prior to filing suit because plaintiff sought "remedies only available through the ADA—not remedies available under the DOT review procedure.") Accordingly, dismissal pursuant to Rule 12(b)(1) would not be proper.

### B. Rule 12(b)(6) Motion to Dismiss

Norfolk Southern contends that dismissal is proper on the alternative grounds of Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Norfolk Southern argues

8

that, because Brunelle did not pursue the FMCSA dispute-resolution procedures of 49 C.F.R. § 391.47, there is no binding determination of whether Brunelle is physically capable of driving for Norfolk Southern, and Brunelle therefore cannot sufficiently allege that he is a "qualified individual" as required to plead a prima facie case of disability discrimination under the ADA.

To establish a prima facie case of disability discrimination under the ADA, a plaintiff must prove that (1) he has a disability, (2) he is a "qualified individual," and (3) his employer took an adverse employment action against him because of his disability. See Martinson v. Kinney Shoe Corp., 104 F.3d 683, 686 (4th Cir. 1997). Under the ADA, a "qualified individual" is a person who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8) (2012). FMCSA regulations equate "physical qualification" of drivers with passage of all FMCSA-required medical exams. 49 C.F.R. § 391.47(g). The question of whether a driver is a "qualified individual" under the ADA should therefore turn on whether the driver has passed all FMCSA-required medical exams. See Myers v. J.B. Hunt Tranp., Inc., No. 1:05cv717, 2006 WL 3479001, at *3 (M.D.N.C. Nov. 30, 2006). Accordingly, where a plaintiff can sufficiently allege that he

9

or she has passed all FMCSA-required medical exams, the plaintiff's failure to pursue dispute resolution under 49 C.F.R. § 391.47 cannot be the basis of a Rule 12(b)(6) motion to dismiss. See Hill, No. 3:12cv357, 2012 WL 5194080, at *5.

In this case, Brunelle alleges that he "passed all Department of Transportation physical examinations and received his Medical Examiner's Certificates . . . ." Am. Compl. ¶ 13. He also alleges that Norfolk Southern ordered him to give his complete medical records to Norfolk Southern's medical department, that he complied with this order, and that he was reinstated to work six months later. Am. Compl. ¶¶ 17-21. Norfolk Southern argues that its request to review Brunelle's medical records was equivalent to Brunelle failing a medical exam, and that this failed medical exam creates uncertainty about Brunelle's physical fitness.

However, Norfolk Southern's mere request to review Brunelle's medical records, viewed in the light most favorable to nonmoving party, Brunelle, for this Rule 12(b)(6) motion, does not constitute a failed medical exam. FMCSA regulations differentiate between a failed medical exam and a determination that a medical exam should remain open pending review of a driver's medical records. Compare 49 C.F.R. § 391.43(g)(3) (standard for failing a medical exam) with 49 C.F.R. § 391.43(g)(4) (procedures for delaying final determination in a

driver's medical exam pending receipt of the driver's medical records). If Norfolk Southern's request for Brunelle's medical records was a "medical exam" as defined by FMCSA regulations, then it remained ongoing while Norfolk Southern reviewed Brunelle's medical records and deferred issuing an opinion on his physical qualification.

Moreover, Norfolk Southern reinstated Brunelle to work at the end of his six-month layoff. Am. Compl. ¶ 21. Viewing this fact in the light most favorable to the nonmoving party, Norfolk Southern put Brunelle back to work because Norfolk Southern's medical department concluded that Brunelle was physically qualified to drive. See 49 C.F.R. § 391.11 ("[A] motor carrier shall not . . . permit a person to drive a commercial motor vehicle unless that person is qualified to drive"). There are no facts in Brunelle's Amended Complaint from which the court can conclude that Brunelle failed Norfolk Southern's medical exam.

Thus, according to the facts in the Amended Complaint, Brunelle passed all medical exams and, therefore, has been adjudged "physically qualified" by all medical examiners who have examined him. See 49 C.F.R. § 391.43(g)(2)(i). These facts sufficiently allege that Brunelle is a "qualified individual" as is required to maintain a prima facie case under the ADA. See Myers, No. 1:05cv717, 2006 WL 3479001, at *3. Accordingly, dismissal pursuant to Rule 12(b)(6) would not proper.

## IV. CONCLUSION

For the reasons set forth above, Norfolk Southern's Motion to Dismiss is **DENIED**.[1] The court **DIRECTS** the Clerk to forward a copy of this Memorandum Opinion and Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge

REBECCA BEACH SMITH
CHIEF JUDGE

September 28, 2018

---

[1] On September 12, 2018, Plaintiff's Objection to Exhibit A to Norfolk Southern's Reply in Response to Plaintiff's Opposition to Norfolk Southern's Motion to Dismiss ("Objection"), was filed. ECF No. 20. Given the denial of the Motion to Dismiss, and that it was unnecessary to consider Exhibit A to Norfolk Southern's Reply in rendering this decision, Plaintiff's Objection is **DIMISSED** as moot.